UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN J HOUSTON | CIVIL ACTION NO. 6:22-CV-01344 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| UNITED WISCONSIN INSURANCE CO ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (Rec. Doc. 10) filed by defendant German Serrano Ortega ("Ortega") seeking to dismiss the claims of Plaintiff John J. Houston based on insufficient service of process or requesting the Court order that Plaintiff properly serve Ortega within 90 days from the date of removal.[1] Plaintiff opposes the motion. (Rec. Doc. 16). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion be DENIED.

**Factual Background**

This suit arises from an accident on April 21, 2021, on Interstate 10 in Lafayette Parish, Louisiana. (Rec. Doc. 1-1 at 3). Plaintiff alleges that a semi-truck owned by Transcar Express, LLC ("Transcar"), leased by ABA Leasing, LLC ("ABA"), and operated by Ortega crashed into his vehicle, resulting in severe injuries and damages. (Rec. Doc. 16 at 1). On February 2, 2022, Plaintiff filed suit against Transcar, ABA, Ortega, and Prime Insurance Company ("Prime") in the 15th Judicial District Court, Lafayette Parish, Louisiana seeking damages as a result of his alleged injuries. (Rec. Doc. 1-1). On February 24, 2022, Plaintiff filed a First Supplemental and Amending

---

[1] The Notice of Removal (Rec. Doc. 1) was filed on May 19, 2022, and the instant motion was filed on May 24, 2022.

Petition adding United Wisconsin Insurance Company ("United") as a defendant. (Rec. Doc. 1-2). Prime was dismissed on May 17, 2022. (Rec. Doc. 15-1).  ABA was dismissed on July 5, 2022. (Rec. Doc. 24).

Plaintiff's petition and service affidavits filed in the state court record indicate that Plaintiff requested service under Louisiana's Long Arm Statute (La. R.S. 13:3201, *et seq*.) on Ortega at the mailing address provided by Ortega to the Federal Motor Carrier Safety Administration[2] and included on the crash report.  Accordingly, plaintiff sent a summons via certified mail receipt requested to 3545 East 14th Street, Suites A & B, Brownsville, Texas 78521. (Rec. Docs. 1-1, 1-2, 18 at 1, 2, 16-1).  On March 30, 2022, Ortega filed an Exception of Insufficiency of Service of Process asserting that he is a resident and citizen of Mexico and that service was attempted at a business where he neither resided nor worked. (Rec. Doc. 1-3).

Defendants[3] removed the suit to this Court on May 19, 2022.  (Rec. Doc. 1).  Ortega filed the instant motion, asserting a defect in service and seeking dismissal for want of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(5).  (Rec. Doc. 10).  On June 14, 2022, Plaintiff filed an opposition to this motion (Rec. Doc. 16) and sent a new summons to Ortega via Fed Ex to the physical address provided by Ortega to the Federal Motor Carrier Safety Administration and located on the crash report, specifically, Ave Viejo San Juan No. 7, Matamoros, Mexico 87344. (Rec. Docs. 16-1, 16-2, 16-3).  The motion is fully briefed and properly before the Court for consideration.

---

[2] The Company Snapshot of the Safety and Fitness Electronic Records (SAFER) System of the Federal Motor Carrier Safety Administration website lists Ortega's United States Department of Transportation ("USDOT") number as 111165 and provides a physical address and mailing address (3545 E. 14th Street, Suites A & B Brownsville, Texas 78521) for German Serrano Ortega d/b/a Transportes German Serrano Ortega. (Rec. Doc. 16-1).
[3] As noted by Defendants, Ortega joined and consented to the removal but did not waive his defense of insufficient service of process. (Rec. Doc. 1 at 1 n. 1).

## Law and Analysis

Service upon an individual in a foreign country is governed by Fed. R. Civ. P. 4(f), which provides for proper service

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.
>
> (2) If there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) As prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) As the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) Unless prohibited by the foreign country's law, by:
>
>> (i) Delivering a copy of the summons and of the complaint to the individual personally; or
>> (ii) Using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt or
>
> (3) By other means not prohibited by international agreement, as the court orders.

Domicile is comprised of two elements: residence in fact and the intention to make the residence one's permanent home. 35 C.J.S., Federal Courts, § 56. A person's domicile persists until clearly abandoned. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) (citing *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986); *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974)). There is a presumption in favor of continued domicile such that the party arguing a change in domicile must produce evidence of a change in residence in fact or the intent to remain. *Coury*, 85 F.3d at 250 (citing *Lew*, 797 F.2d at 751).

Mexico and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). 20 U.S.T. 361 (1969). The Hague Convention is a treaty formed for the purpose of creating a means for the service of documents abroad among its signatory nations, in hopes of simplifying international service of process. Where the Hague Convention applies, compliance with its terms is mandatory. *Volkswagenwerk Akteingesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Plaintiff attempted to serve Ortega under Louisiana's long arm statute for service, La. R.S. 13:3204, which permits domiciliary service upon a foreign defendant by registered or certified mail or by commercial carrier. Plaintiff alleges that on February 25, 2022, service was accepted at Ortega's work address thereby perfecting service as evidenced by the Certified Mail and the Affidavit verifying service. (Rec. Doc. 1-12 at 2,3). Plaintiff does not appear to be arguing that Ortega lives at the mailing address provided by Ortega but that Ortega received actual notice of the suit at that address. In the alternative, Plaintiff claims that even if Ortega did not accept service, he was re-served via FedEx at his physical address in Mexico.

In response, Ortega argues that the certified mail green card relied on by Plaintiff does not contain Ortega's signature and does not show that service was received by Ortega. Ortega claims that "the illegible card appears to be signed by SSC." (Rec. Doc. 19 at 4). Ortega further submits that he is a Mexican citizen with his last known residence in Mexico as evidenced by his driver's license, border crossing card, and other documents. (Rec. Doc. 19-1). Accordingly, Ortega asserts that as a Mexican citizen he must be served in accordance with the Hague Convention. Ortega is correct.

Under the Hague Convention, service on a Mexican citizen must be initiated via Mexico's "Central Authority." Mexico formally objected to all alternative channels of service, including

4

service via mail, under Article 10 of the Hague Convention, leaving service via the Central Authority as the sole means of service as to defendants within its borders. *Compass Bank v. Katz*, 287 F.R.D. 392, 396-97 (S.D. Tex. 2012) (internal citations omitted). As Mexico and the United States are signatories to the Hague Convention, its provisions apply in this case. *Howard v. Krull*, 438 F.Supp.3d 711, 714-15 (E.D. La. 2020) (Hague Convention applies in cases where service emanates from one signatory nation and culminates in a foreign signatory nation).

Plaintiff's argument regarding actual notice does not relieve Plaintiff, as the party asserting claims, from the obligation to prove proper service. *Holly v. Metro. Transit Auth.*, 213 Fed.Appx. 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Clay v. Clay*, 389 So.2d 31 (La. 1979); *Conner v. Continental Southern Lines, Inc.*, 294 So.2d 485 (La. 1974) (noting that even where a defendant has actual knowledge of a suit via other means, the failure to effect proper service is fatal to personal jurisdiction)).

Pursuant to Rule 4(m), an action is subject to dismissal if proper service is not made within 120 days of the filing of the complaint. Dismissal is improper when the plaintiff shows "good cause" for such failure. The Fifth Circuit describes "good cause" as "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). The record before the Court—specifically, the attempted service on Ortega in Mexico via Fed Ex—and Plaintiff's own brief indicate Plaintiff's failure to comply with proper service, despite having knowledge of Ortega's address in Mexico. (*See* Rec. Doc. 18). Although the Court envisions service via the Hague Convention's Central Authority procedure will take more time than traditional service methods, Plaintiff offers no valid explanation for his failure to institute the

5

process, which might have been completed by this date if started upon receipt of the unrefuted evidence of Ortega's domiciliary address in Mexico.[4] Out of an abundance of caution, the Court will provide Plaintiff 14 days in which to file proof of the institution of proper service under the Hague Convention. Should Plaintiff neglect to institute service as directed, all claims against Ortega will be subject to dismissal.

## Conclusion

For the reasons discussed herein, the undersigned recommends that the motion to dismiss filed by defendant Ortega be DENIED at this time. It is further recommended that Plaintiff be given 14 days in which to provide evidence of service on defendant Ortega pursuant to the Hague Convention. It is, finally, recommended that, should Plaintiff fail to institute service within the 14 days provided, all claims by Plaintiff against Ortega should be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court,

---

[4] The Court notes that the Fed Ex package sent to Ortega in Mexico was delivered on June 14, 2022. (Rec. Doc. 16-3).

except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 7th day of December, 2022.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**